UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE PANAGOPOULOS,  )
 )
    Plaintiff,  )
 )
    v.  ) Cause No. 3:16-cv-793
 )
HON. JUDGE MICHAEL E. DODGE and  )
WILLIAM LABRE, Attorney,  )
 )
    Defendants.  )

## **OPINION AND ORDER**

George Panagopoulos, a *pro se* plaintiff, has filed a complaint arising from his divorce proceedings in Michigan some fifteen years ago and a petition for leave to proceed *in forma pauperis*. (DE 1; DE 2.) For the reasons below, this action must be dismissed, and Panagopoulos's motion to proceed *in forma pauperis* must be denied.

### **Background**

The complaint provides contradictory and incomplete information about what happened during and after Panagopoulos's divorce, but the following is what I can piece together from his complaint and its exhibits. In 1998, Panagopoulos hired defendant William LaBre to defend him in divorce proceedings brought by Panagopoulos's then-wife, Christine. (DE 1 at 5.) The divorce was filed in Michigan, and the judge overseeing the proceedings was defendant Michael E. Dodge. (DE 1-1 at 32.) Judge Dodge entered a Decree of Divorce in December 1999, providing that the net proceeds from the sale of the marital home would be split equally. (*Id.* at 33–34.)

In early 2001, Judge Dodge found that Panagopoulos had violated the Judgment of Divorce by failing to make timely mortgage and tax payments on the marital home. (*Id.* at 29.) To avoid making those payments and on the advice of Panagopoulos's then attorney, defendant LaBre, Panagopoulos filed a chapter 7 bankruptcy petition. *See In re Panagopoulos*, No. 01-03037 (Bankr. W.D. Mich. Mar. 22, 2001); *see also* DE 1 at 5. During the bankruptcy, Panagopoulos's ex-wife received a $33,929.34 payment on a claim against the bankruptcy estate, and defendant LaBre received $2,138.68 on a claim for attorney's fees. (DE 1 at 31.) Panagopoulos also allegedly paid LaBre $7,000 prior to the bankruptcy case. (*Id.* at 6.)

In 2014 or 2015, Panagopoulos filed a malpractice claim against LaBre with Michigan's Attorney Grievance Commission. (DE 1-1 at 7.) The commission found the claim did not warrant review, which prompted Panagopoulos to file a malpractice case against LaBre in state court. (*See* DE 1 at 9.) The complaint alleges Judge Dodge, who had handled Panagopoulos's divorce, also heard the malpractice case and found it to be barred by the statute of limitations. (*Id.*)

Giving this complaint the liberal reading I am required to give all *pro se* complaints, it attempts to appeal the Judgment of Divorce entered by Judge Dodge and seeks $33,929.34 in damages (the amount Panagopoulos's wife received during the bankruptcy on the basis of the Judgment of Divorce), plus interest. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the complaint alleges malpractice against LaBre and seeks damages from him equaling attorney's fees, money "lost" through the

bankruptcy, costs, and fees.

## Discussion

Because Panagopoulos has moved to proceed without paying the filing fees, I would ordinarily analyze his claims under 28 U.S.C. § 1915(e)(2)(B) and would dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. However, Panagopoulos's complaint appears to suffer from a more fundamental problem, which is that I lack subject matter jurisdiction over the two claims it alleges.

I must dismiss any complaint that does not state a basis for federal jurisdiction. In general, district courts have subject matter jurisdiction over two types of cases: (a) those in which each plaintiff is diverse in citizenship from each defendant and the amount in controversy exceeds $75,000; and (b) those that present a "federal question," which essentially means alleges a claim that arises under the U.S. Constitution or federal law. 28 U.S.C. §§ 1331, 1332.

The complaint appears to seek to challenge the Judgment of Divorce entered by Judge Dodge in 1999. However, federal district courts have no authority to hear or decide domestic relations cases, even where there would otherwise be diversity jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 702 (1992). Such cases are "the primary responsibility of the state courts, administering state law, rather than of the federal courts." *Newman v. Ind.*, 129 F.3d 937, 939 (7th Cir. 1997) (citations omitted). If Panagopoulos did not like the result of his divorce, his recourse was to file a timely

appeal in Michigan state court. *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005). For this reason, his claim against Judge Dodge related to the divorce must be dismissed for want of jurisdiction.

In any event, even if I had jurisdiction over the claim against Judge Dodge, there would be another problem with the complaint necessitating dismissal: Judge Dodge is immune to suits for "acts performed . . . 'in [his] judicial capacity.'" *See Dawson*, 419 F.3d at 660–61(citation omitted); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). He was acting within his judicial capacity when he adjudicated the Panagopouloses' divorce, and so he is immune to a damages suit arising from those proceedings.

I also have no jurisdiction over Panagopoulos's malpractice claim against LaBre. I don't have diversity jurisdiction over the claim because, while it's possible that Panagopoulos has diverse citizenship from LaBre, the amount he seeks to recover from LaBre (at most $50,000 plus fees and costs) falls short of the $75,000 required under 28 U.S.C. §1332. Nor does this case present a federal question that would confer jurisdiction on this court. "Legal malpractice actions are traditionally the domain of state law." *James H. Anderson, Inc. v. Johnson,* No. 08-cv-6202, 2009 WL 2244622, at *3 (N.D. Ill. July 27, 2009) (citing *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). This one involves no substantial issues of federal law, and so there is no reason for me to "disturb the balance of federal and state judicial responsibilities." *Id*. For these reasons, the claim against LaBre also must be dismissed for lack of jurisdiction.

Although it is usually necessary to allow a plaintiff to file an amended complaint

4

when a case is dismissed *sua sponte*, that is not required here because any amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Panagopoulos simply cannot overcome the jurisdictional shortcomings discussed above, or the fact that Judge Dodge enjoys judicial immunity.

Accordingly, the complaint (DE 1) is **DISMISSED** for lack of jurisdiction and pursuant to 28 U.S.C. 1915(e)(2)(B), and Panagopoulos's motion for leave to proceed *in forma pauperis* (DE 2) is **DENIED**.

**SO ORDERED**.

Entered: January 30, 2017.

s/ Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT